UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br>v.<br><br>B1CLOTHING COMPANY, LLC d/b/a B1 CLOTHING CO.<br><br><u>Serve at:</u>  Reg. Agt. DAVID E PIPER<br>             18093 Parkside St.<br>             Detroit, MI 48221<br><br>    Defendant. | Case No. 4:25-cv-1170<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Benjamin Haith Intellectual Property, LLC ("BHIP"), by and through its undersigned counsel, and hereby states for his Complaint against Defendant B1Clothing Company, LLC d/b/a B1 Clothing Co. ("B1;" "Defendant") as follows:

**SUMMARY OF THE ACTION AND PARTIES**

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Ben Haith ("Mr. Haith") is the principal of BHIP, and is community activist and the visionary behind the National Juneteenth Celebration.

3. BHIP is a Missouri limited liability company.

4. Mr. Haith is the sole creator of the Juneteenth flag, and was instrumental in the broad recognition of Juneteenth as an American holiday. Mr. Haith is pictured below with the Juneteenth flag.



5.      Mr. Haith's company, Benjamin Haith Intellectual Property, LLC, holds the copyright for the Juneteenth flag.

6.      Plaintiff's Work (as defined herein) at issue is the Juneteenth Flag.

7.      In particular, the Work depicts a curved red horizon over a blue background, with a white five-pointed star in the middle, surrounded by a 12-pointed starburst.

8.      To create the Work, Mr. Haith invested many hours of his time.

9.      Plaintiff is very careful about who the Work is licensed to, given the political and social significance of the Work.

10. Upon information and belief, Defendant B1 operates a large online retailer continuously doing business in this District in Missouri.

11. Defendant B1 directed and/or approved of the use of the subject copyright-protected Work on Defendant's websites, "www.b1clothingco.com" and "www.etsy.com/shop/B1ClothingCo."

12. Defendant not only used Plaintiff's Work to promote Defendant's business, but additionally has sold products that bear the Work.

13. To be clear: Defendant simply "rips off" Plaintiff's Work for its own financial gain without permission from Plaintiff.

14. Defendant appropriated, without license or permission, Plaintiff's copyrighted Work to nationally advertise, market and promote Defendant's business activities across this district.

15. Additionally, Defendant sells copies of the Work.

16. Defendant's use of the Work caused Plaintiff to suffer harm in this District.

17. Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting its business to the public in the course and scope of Defendant's business.

**JURISDICTION AND VENUE**

18. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

19. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

20. This Court has personal jurisdiction over Defendant because, upon information and belief, it transacts business in the State of Missouri and in this judicial district. Defendant

systematically and routinely avails itself of consumers in Missouri through the marketing and sale of their products, including illicit copies of the Work, in this jurisdiction.

21. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this District. Upon information and belief, Defendant engaged in infringement in this District, and Defendant is subject to personal jurisdiction in this District.

## THE COPYRIGHTED WORK AT ISSUE

22. The Work is the result of Mr. Haith's painstaking work to create a flag to represent the Juneteenth holiday.

23. The Juneteenth Flag is shown below and referred to throughout as the "Work."



24. Mr. Haith registered the Work with the United States Copyright Office on September 1, 2000 via USCO certificate VAu 488-555. The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

25. The Work's copyright is now held exclusively by Plaintiff.

26. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

27. Plaintiff has never issued Defendant any license to use the Work at issue in this action for any purpose.

28. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

29. Defendant copied Plaintiff's copyrighted Work without Plaintiff's permission.

30. After Defendant copied the Work, they made further copies and distributed the Work on the internet and through the mail to promote its retail business.

31. Not only did Defendant display the Work to promote the image of Defendant's business; Defendant has also sold products that bear the Work.

32. Specifically, Defendant placed the Work on websites, including but not limited to "www.b1clothingco.com" and "www.etsy.com/shop/B1ClothingCo" (the "websites"), websites that Defendant owned, controlled, and operated to promote Defendant's business.

33. Defendant used the Work to promote its business interests.

34. Defendant's display of the Work was repeated and continuous.

35. Defendant displayed the Work on its websites and stored it on those websites for future use. *See* **Exhibit 2** from Defendant's websites.

36. Defendant displayed the Work on an unknown date that occurred after Plaintiff registered the Work.

37. In July 2025, Plaintiff first discovered that Defendant was using the Work on its websites. Plaintiff was stunned and disappointed to find his Work on Defendant's websites, and Plaintiff was disappointed to find that Defendant was retailing illicit copies of the Work.

38. Defendant's display of the Work is captured on its websites in the following screenshots:









URL: https://b1clothingco.com/product/vibrant-juneteenth-flag-for-home-holiday-double-sided/
Screenshot Taken: 2025-07-01 13:17 (Europe/Budapest)    Case ID: CAS-132670    URL ID: UID-01059467    IP Addresses: Client "89.134.3.94" contacted server "b1clothingco.com" at "50.87.184.94".







39. Plaintiff carefully reviewed the screenshots and determined that this was its Work and that Defendant did not have any license or permission to use the Work, as Defendant had not paid Plaintiff for the use of its Work.

40. Defendant copied and distributed Plaintiff's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling Defendant's goods and services.

41. Defendant additionally sold products that bear Plaintiff's copyrighted Work.

42. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, nor is it a trade secret.

43. Defendant infringed on the copyright of the Work as evidenced by the screenshot exhibits attached hereto.

**PLAINTIFF'S EFFORTS TO RESOLVE PRE-SUIT AND DEFENDANT'S RESPONSE**

44. Plaintiff has attempted to settle this matter amicably and for a minimum of expense with Defendant while seeking to avoid incurring any attorneys' fees or litigation expenses. Defendant ignored Plaintiff's efforts.

45. On July 21, 2025, after discovering the infringement, Plaintiff first notified Defendant in writing that it was using the Work without permission and notified Defendant of the specific legal allegations set forth herein. Plaintiff stressed that the situation was urgent and asked Defendant to reach out and discuss it immediately.

46. Defendant did nothing.

47. Defendant ignored all efforts to resolve this matter.

48. Defendant's behavior in response to Plaintiff's efforts to resolve this matter is evidence of Defendant's willful infringement. Even when put on definitive notice of the infringement, Defendant did nothing to correct its infringement and instead doubled down on their misconduct by refusing to remove the Work from its websites.

49. Plaintiff had no option but to engage the undersigned attorney at considerable expense.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

50. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

51. Plaintiff owns a valid copyright in the Work at issue in this case.

52. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

53. Defendant copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

54. Defendant performed the acts alleged in the course and scope of their business activities and, upon information and belief, profited from their unlawful use of the Work.

55. Specifically, the Work has attracted potential customers to Defendant's website, and Defendant have turned some of those persons into paying customers of Defendant's business.

56. Defendant also sold illicit copies of the Work through its websites.

57. Defendant has never paid Plaintiff for the Work, and never sought permission to use the Work.

58. Plaintiff has been damaged in an amount to be determined at trial. In the alternative, Plaintiff will seek statutory damages under the Copyright Act.

59. Defendant's infringement has been willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ben Haith Intellectual Property, LLC prays for judgment against Defendant such that:

a. Defendant and its agents, servants, employees, affiliated entities, and all of those in active concert with him, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

  d. Under 17 U.S.C. § 1203(b)(3) Defendant be required to pay Plaintiff its actual damages and additional profits of Defendant in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages in accordance with 17 U.S.C. § 1203(c)(3);

  e. Under 17 U.S.C. § 1203(b)(4), Plaintiff be awarded costs;

  f. Under 17 U.S.C. § 1203(b)(5), Plaintiff be awarded reasonable attorneys' fees and costs;

  g. Defendant be permanently enjoined from displaying the Work; and

  h. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
   Richard A. Voytas, Jr. #52046
   Richard A. Harper, #36030
   7321 S. Lindbergh Blvd., Ste. 400
   Saint Louis, MO 63125
   Phone: (314) 380-3166
   Email: rick@voytaslaw.com
      rharper@voytaslaw.com

*Attorneys for Plaintiff*