UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>B1CLOTHING COMPANY, LLC *d/b/a B1 CLOTHING CO.*,<br><br>Defendant. | ) | Case No. 4:25-CV-1170-ZMB |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Benjamin Haith Intellectual Property, LLC's (BHIP) Motion for Default Judgement Against Defendant B1Clothing Company, LLC. Doc. 13. Because B1Clothing has failed to respond to the Complaint, which sufficiently alleges a copyright-infringement claim, BHIP is entitled to default judgment. Moreover, the Court approves all requested remedies other than statutory damages, which it will assess at a future evidentiary hearing.

## BACKGROUND

### I. Factual Background[1]

Ben Haith, BHIP's principal, designed the Juneteenth flag. Doc. 1 ¶¶ 2, 4. BHIP has held the copyright for that flag since 2000. *Id.* ¶¶ 5, 24. Last year, BHIP discovered that B1Clothing was selling products depicting the flag without license or other permission to do so. *Id.* ¶¶ 37, 39, 41. BHIP notified B1Clothing that it was using the flag without permission and attempted to resolve the matter without litigation, but B1Clothing ignored those efforts. *Id.* ¶¶ 44–47.

[1] As required after the Clerk's entry of default, the Court deems admitted all well-pleaded factual allegations in the Complaint. *See* Doc. 1; *infra* at 2.

## II. Procedural Background

BHIP subsequently brought a single-count copyright-infringement action against B1Clothing, seeking statutory damages, costs, fees, and injunctive relief. Doc. 1 at 11–13. B1Clothing was properly served, Doc. 8, but it never responded to the Complaint. After B1Clothing missed its answer deadline, BHIP moved for clerk's entry of default, which was granted. Docs. 10–11. BHIP then moved for default judgment. Doc. 13. As B1Clothing has not filed any response and the time to do so has long since passed, *see* E.D. MO. L.R. 4.01(B), the instant motion is ripe for review.

## LEGAL STANDARD

A court may enter default judgment against a party who fails to litigate an action through a two-step process. *See* FED. R. CIV. P. 55(b). First, the movant requests an entry of default, which the Clerk of Court must enter "[w]hen a party against whom a judgement . . . is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Following the entry of default, the movant generally must apply to the Court for entry of default judgment. *See* FED. R. CIV. P. 55(b). In considering such applications, the Court deems the defaulting party to have admitted all well-pleaded factual allegations in the complaint "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). "[B]ut it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id*. (quotation omitted).

A party entitled to default judgment must "prove [] damages by a preponderance of the evidence." *Smith v. Jacon LLC*, 2023 WL 111979, at *2 (D. Minn. Jan. 5, 2023) (citing *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). Indeed, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (citation omitted). To that end, the Court retains

discretion to either conduct a hearing or rely on the record "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *KD ex. rel. JD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021).

**DISCUSSION**

BHIP argues that it is entitled to default judgment because the Complaint adequately alleges willful copyright infringement and its requested remedies are appropriate. The Court agrees that BHIP is entitled to default judgment and grants the requested relief, except for the amount of statutory damages, which will be determined at an upcoming evidentiary hearing.

**I. Default Judgment**

The record confirms that B1Clothing has failed to defend against this action and that BHIP has properly sought default judgment under Federal Rule of Civil Procedure 55. Thus, its entitlement to default judgment turns on whether the Complaint adequately alleges copyright infringement.

"To establish copyright infringement, a plaintiff must demonstrate that he owns a valid copyright and that the defendant has copied, displayed, or distributed protected elements of the copyrighted work without authorization." *Kennedy v. Gish, Sherwood & Friends, Inc.*, 143 F. Supp. 3d 898, 904 (E.D. Mo. 2015) (citing *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2004)). Accepting the facts in the Complaint as admitted, both elements are satisfied. First, the Complaint and attached Certificate of Registration establish that Haith and BHIP own the copyright. Doc. 1 ¶¶ 2, 5–6; Doc. 1-1. Second, the Complaint asserts that B1Clothing sold goods depicting the flag, displayed the flag on its websites, and stored the flag for future use—all without permission. Doc. 1 ¶¶ 33–43; Doc 1-2 (providing examples of the offending merchandise sold by B1Clothing on its websites). Because BHIP has sufficiently alleged a copyright-infringement claim, the Court finds that it is entitled to default judgment as to liability.

## II. Statutory Damages and Remedies

Having determined default judgment is warranted, the Court next considers whether the requested remedies are appropriate. First, BHIP requests statutory damages of $25,000 because B1Clothing continued to display the flag for at least several months after being notified to stop using the flag on its merchandise. Doc. 13 ¶ 12(c); Doc. 13-1 ¶ 6–7. Where "[copyright] infringement was committed willfully" the court may award statutory damages "of not more than $150,000." 17 U.S.C. § 504(c)(2). A defendant's infringement is willful if they "[were] aware or had reason to believe the subject acts constituted copyright infringement." *Campbell v. Gannett Co., Inc.*, 2023 WL 5250959, at *13 (W.D. Mo. Aug. 15, 2023) (citing 17 U.S.C. § 504(c)(2)). And courts have found willful copyright infringement when "a defendant engages in infringing activity after receiving warning that the activity constitutes infringement and from the fact of a defendant's default." *Adventure Creative Grp. v. CVSL, Inc.*, 412 F. Supp. 3d 1065, 1073 (D. Minn. 2019) (collecting cases). Here, BHIP sent B1Clothing a letter notifying them of the infringement, and B1Clothing neither responded nor removed the offending merchandise from its online storefronts. Doc. 1 ¶¶ 45–47. As these allegations are admitted for purpose of this motion, the Court finds that BHIP can obtain damages for B1Clothing's willful infringement.

But BHIP has not met its burden to establish by a preponderance of evidence that $25,000 is a reasonable amount of statutory damages . BHIP notes that its request "is on the low end of the willful violation spectrum," Doc. 13 ¶ 10, and that "[B1Clothing's] refus[al] to participate in the litigation[] has deprived [it] of discovery to determine the extent . . . of the infringement," Doc. 13-1 ¶ 6(c). Though these points are well taken, they do not explain how BHIP arrived at the $25,000 figure. BHIP cites no examples of courts awarding comparable amounts in similar circumstances, nor does it attempt to estimate losses from B1Clothing's unpaid licensing fees. *See Eclipse Sportswire v. Sports Moments Plus*, 2022 WL 2841405, at *3 (D. Minn. July 19, 2022)

(allowing plaintiff to estimate the cost of licensing fees and noting that courts have used "multipliers of the fair market value of the copyrighted work [] to arrive at a damage award that properly compensates the plaintiff for the infringement and deters the defendant from committing future infringement"). Because the Court presently lacks the information to determine whether $25,000 is a reasonable award, it will determine the statutory damages award at an upcoming evidentiary hearing. *Echeverry v. Goshert*, No. 4:22-CV-153-JAR, 2022 WL 2209364, at *2 (E.D. Mo. June 21, 2022) ("When a court enters default judgment on a claim for an uncertain amount of damages, it may determine damages by holding a supplemental hearing." (citation omitted)).

BHIP also seeks attorneys' fees of $4,554.00 and costs of $473.90. Doc. 13 ¶ 12(d)–(e). The Court finds that the requested amount of costs and fees is reasonable to prosecute B1Clothing's willful infringement. *See Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013–14 (8th Cir. 2011) (finding that a district court did not abuse its discretion in awarding attorney fees and costs after finding willful infringement from defendant's failure to respond to a notice of infringement).

Finally, BHIP requests an order that "permanently enjoins Defendant from infringing [BHIP]'s copyright by copying, displaying, selling, or otherwise using [its] copyrighted work" and "requires Defendant to destroy any electronic files in Defendant's possession that contain [its] copyrighted work."[2] Doc. 13 ¶ 12(a)–(b). To obtain a permanent injunction, the movant must show: "(1) actual success on the merits of its claims; (2) threat of irreparable harm; (3) that the

---

[2] While BHIP's prayer for relief does not include an order "to destroy any electronic files in Defendant's possession that contain [its] copyrighted work," the request is consistent with the demands in the Complaint. *See* FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *Kirk of Fam. Engel v. Volker*, 2025 WL 1664311, at *1 (D. Neb. June 11, 2025) ("Injunctive relief must relate in some fashion to the relief requested in the complaint." (citation omitted). Here, the Complaint specifically demands that "[B1Clothing] . . . be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501," Doc. 1 at 12–13, and notably, storage of electronic images of copyrighted works without permission infringes on a copyright holder's rights," *see Bowers v. Taylor Payton & Assocs.*, 2019 WL 8405564, at *2 (W.D. Mo. Dec. 26, 2019) (citation omitted). Thus, because BHIP alleges that B1Clothing "displayed the Work on its websites and stored it . . . for future use," *id.* ¶ 35, an order requiring the deletion of infringing files is warranted.

threatened harm to it outweighs any possible harm to others; and (4) that an injunction serves the public interest." *Perficient, Inc. v. Munley*, No. 4:19-CV-1565-JAR, 2019 WL 4247056, at *1 (E.D. Mo. Sept. 5, 2019) (citing *Cmty. of Christ Copyright Corp.*, 634 F.3d at 1012). Irreparable harm is presumed where copyright infringement has occurred. *See Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005). "Injunctions regularly issue pursuant to the mandate of [17 U.S.C. § 502], because the public interest is the interest in upholding copyright protections." *Broad. Music, Inc. v. MWS, LLC*, No. 4:11-CV-1481-TIA, 2013 WL 4042205, at *6 (E.D. Mo. Aug. 8, 2013). Considering the permanent injunction factors, the Court holds that BHIP is entitled to its requested injunctive relief.

**CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff Ben Haith Intellectual Property, LLC's [13] Motion for Default Judgment against Defendant B1Clothing Company, LLC. Specifically, the Court **ORDERS** B1Clothing to pay BHIP $5,027.90 for fees and costs and to pay BHIP statutory damages for willful copyright infringement in an amount to be determined at an upcoming evidentiary hearing, which will be set by separate order. Finally, the Court **PERMANENTLY ENJOINS** B1Clothing Company from infringing BHIP's copyright by copying, displaying, selling, retaining, or otherwise using BHIP's copyright.

The Clerk of Court is directed to mail a copy of this memorandum and order to B1Clothing at the address listed on file with the Michigan Secretary of State.

So ordered this 25th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE